158

## The Union Banking & Trust Co. v. Johnston

*Edward Cherry*, for plaintiff.
*Denise Medzicski*, for defendant.

### FINDINGS OF FACT

REILLY, *P.J.*, July 18, 1983 — (1) Plaintiff commenced an action in mortgage foreclosure on March 15, 1982, by filing a complaint.

(2) Defendants filed a timely answer, new matter and counterclaim which raised the defense that defendants were not in default and plaintiff had violated the Truth-in-Lending Act, 15 U.S.C. §1606 et seq., and Regulation Z, 12 C.F.R. §226 et seq.

(3) Plaintiff filed a timely answer to new matter.

(4) A hearing was held on October 26, 1982, before this court. At the conclusion of the hearing, plaintiff and defendants were granted leave to submit written arguments.

(5) Plaintiff is seeking a money judgment in this action of mortgage foreclosure.

(6) Plaintiff sent a notice of intention to foreclose on mortgage to defendants by certified mail, return receipt requested, on February 1, 1982.

(7) On February 1, 1982, defendants were in default on the mortgage in the sum of $647.18.

(8) The amounts due for principal, interest, escrow, and late charges were correctly stated and separately listed on the notice of intention to foreclose, but the total amount listed as due was incorrectly stated as $1,247.18 instead of the correct total of $647.18 due to a computational or clerical error in calculation.

(9) Said error was brought to the attention of the plaintiff by the defendants within a few days after defendant received said notice of intention to foreclose, at which time plaintiff orally advised defendants that the correct amount needed to cure the default was $647.18.

(10) Defendants were not confused by said error.

(11) Plaintiff did not thereafter serve defendants with a written corrected notice of intention to foreclose.

(12) The last payment made by defendants on said mortgage was made on April 30, 1982, which

payment represented the payment due for November 22, 1981.

(13) Defendants are in default for the payments due on the mortgage from December 22, 1981, to the present date.

(14) As of October 22, 1982, defendants were in default in the amount of $2,293.21.

(15) The transaction which is the basis of plaintiff's suit is a mortgage secured for the purchase of real property situate in the Township of Sandy, County of Clearfield, which mortgage was executed by defendants on December 20, 1978, and recorded in the office of register and recorder of Clearfield County in Mortgage Book Vol. 358, page 165.

(16) Plaintiff provided defendants with a disclosure statement dated December 16, 1978, pursuant to the Federal Truth-in-Lending Act and Regulation Z, 12 C.F.R. §§226.5 and 226.6.

(17) Plaintiff further provided defendants with the Pennsylvania Supplement to Disclosure Statement as required by the Real Estate Settlement Procedures Act of 1974.

(18) Evidence on the issue of reasonableness of attorneys' fees was presented by plaintiff through the testimony of Toni M. Cherry, Esq. Ms. Cherry testified that the usual rate charged by the firm of Gleason, Cherry, and Cherry, P.C., is $100 per hour and that from March of 1982 to the time of the hearing on October 26, 1982, 16 and one-fourth hours had been spent by the attorneys on the case.

(19) The actual attorneys' fees sought in this matter by plaintiff are $1,000.80.

(20) Of the 16 and one-fourth hours spent by the attorneys for the plaintiff on the case, four hours were spent in travel time between DuBois and Clearfield.

(21) No attorneys' fees were actually charged for any services rendered to plaintiff in connection with this case either prior to or during the 30-day notice period.

## CONCLUSIONS OF LAW

(1) Plaintiff forwarded to defendants a notice of intention to foreclose on mortgage in substantial compliance with the requirements of secton 403 of the Act of January 30, 1974, P.L. 13, et seq., as amended. 41 P.S. §403.

(2) A lender does not violate the disclosure requirements of said Act of 1974 when the error involved is purely a bona fide clerical or computational error, does not confuse the debtor, and in any event is orally corrected by the lender within a few days of the error. See: 15 U.S.C.A. §1640(c) as it applies to the Pennsylvania disclosure requirements through 41 P.S. §401.

(3) The notice of intention to foreclose on mortgage in this case was not ambiguous since the amounts due for principal, interest, escrow, and late charges were correctly stated and since the debtors themselves were not confused thereby even though the total amount due was inadvertently incorrectly stated.

(4) The Disclosure Statement and the Pennsylvania Supplement to Disclosure Statement given to defendants by plaintiff on December 16, 1978, fully complied with all disclosure requirements of the Federal Truth-in-Lending Act, Federal Reserve Board Regulation Z, and Pennsylvania Act 6 of 1974. (15 U.S.C. §1601 et seq., 12 C.F.R. §226 et seq., and 41 P.S. §401 et seq.)

(5) The Mortgage Agreement entered into by the parties on December 20, 1978, is not a disclosure

statement under either the Federal Truth-in-Lending Act or Act 6 of 1974, and defenses based on said statutes may not be raised with regards to language contained in or omitted from said mortgage agreement itself unless the same is in conflict with that of the disclosure statements and the lender is relying on the terms of said mortgage in place of the disclosure statements as the basis for his action. Cf. Ljepava v. M.L.S.C. Properties, Inc., 511 F.2d 935 (9th Cir., 1975).

(6) The Truth-in-Lending Act does not require the disclosure of the existence of an acceleration clause. See: Ford Motor Credit Co. v. Milhollin, 444 U.S. 555 (1980).

(7) The mere fact that an acceleration clause is revealed in a mortgage agreement itself does not impose upon a lender any duty with regards to also revealing defenses thereto such as a debtor's right to claim an exemption in any deficiency and the right to challenge foreclosure procedures and attorney's fees. Cf. Veney v. First Virginia Bank-Colonial, 535 F. Supp. 181 (1982).

(8) Plaintiff did not violate the Truth-in-Lending Act by including allegedly misleading and confusing clauses with respect to defendants waiving errors in foreclosure proceedings and all statutory exemptions from levy and sale in paragraph 6 of the mortgage. First, the court has previously concluded that the mortgage itself is not part of the disclosure statements covered by the Truth-in-Lending Act or Pennsylvania Act 6 of 1974. (Conclusion of Law, No. 5) Therefore, while said clauses may indeed be unenforceable under state law, the same cannot be the basis of alleged Truth-in-Lending or Act 6 violations. Secondly, there has been no foreclosure for plaintiff to proceed on in this matter, nor has there

been a levy or sale. The issues of whether defendants will be precluded from raising errors in said procedures or from claiming their statutory exemptions from levy and sale are not now before the court and are not otherwise ripe for decision.

(9) Plaintiff is entitled to only those attorney's fees which are reasonable and actually incurred. 41 P.S. §406

(10) Plaintiff did not, however, violate said section 406 by providing for a fixed percentage attorney's fee in the Mortgage since in determining whether a fee is unreasonable, the method of calculating the same has little relevance. Rather, it is the actual fee charged which must meet the test. First Eastern Bank N.A. v. Thomas, 5 D. & C. 3d 71, 72-73 (1977). A fixed percentage may be provided for under section 406, therefore, as an estimate of the actual fees to be incurred, and may also be collected so long as the percentage accurately reflects the actual fee costs.

(11) 12 and one-fourth billable hours were spent by the attorneys for plaintiff in this matter, four hours of the original 16 and one-fourth hours of attorneys' time being spent in travel between DuBois and Clearfield and thus not reasonably recoverable by plaintiff.

(12) The attorneys' fees charged in this case, to wit, $1,000.80, are reasonable considering the billable time spent by counsel for plaintiff on this case, to wit, 12 and one-fourth hours.


## MEMORANDUM AND ORDER

Following hearing into the above-captioned matter and briefs from counsel, the court issues this memorandum and order having reached the findings of fact and conclusions of law attached hereto

and made a part hereof. No question seems to exist that defendants are in fact in default on the mortgage which is the subject of this action. Rather, as a defense thereto, Defendants raise issues alleging various violations of the protective provisions of 41 P.S. §401, et seq., and the Federal Truth-in-Lending Act, 15 U.S.C.A. §1601, et seq., as well as a challenge to the reasonableness of the attorney's fees charged by counsel for the plaintiff under 41 P.S. §406.

The court notes first that a notice of intention to foreclose on mortgage was sent by plaintiff to defendants on February 1, 1982. Said notice complied with the consumer protective provisions contained in 41 P.S. §403 regarding such notices (41 P.S. §401, et seq.) in all respects except that the total amount due on the delinquency was incorrectly stated as $1,247.18 instead of the correct figure of $647.18 through a computational or clerical error in calculation. Defendant asserts that such overstatement constitutes a material error rendering the entire notice ambiguous, and asks the court to invalidate said notice and the resulting complaint in foreclosure on that basis citing Beneficial Consumer Discount Company v. Leipold, 11 D. & C. 3d 659 (1979).

The court notes, however, that the amounts due for principal, interest, escrow and late charges (i.e., the elements comprising the total amount due figure) were clearly and correctly stated in the notice. The overstatement of the total amount due was, therefore, most obvious. In fact, the error was so obvious that the defendants themselves were not confused thereby and themselves brought the same to plaintiff's attention, whereupon plaintiff immediately informed defendants of the correct amount.

Moreover, the court also notes that the Act of Jan. 30, 1974, P.L. 13, No. 16, §401 et seq. (41 P.S. §401 et seq.) under which defendants seek relief refers to the Federal Truth-in-Lending Act (15 U.S.C.A. §1601 et seq.) by its own terms (41 P.S. §401), and that the Federal Truth-in-Lending Act provides that lenders are not liable for bona fide errors including clerical and computational errors. (15 U.S.C.A., §1640(c)). By analogy then, since this was a bona fide computational or clerical error in calculation which did not result in confusion on the part of defendants, the court holds that the notice of intention to foreclose issued to defendants in this matter was not ambiguous nor invalid, and that substantial compliance was achieved with the Act of 1974 (41 P.S. §401, et seq.), despite the fact that no written correction of said notice was given defendants by plaintiff.

Defendants next urge that the court should hold in their favor based on a recoupment theory in that plaintiff allegedly committed various violations of the Truth-in-Lending Act. First, defendants argue that plaintiff violated the Truth-in-Lending Act by disclosing the existence of an acceleration clause in the mortgage agreement itself rather than in the required disclosure statement. The Supreme Court of the United States has, however, ruled that the Truth-in-Lending Act does not require the disclosure of the existence of an acceleration clause in the disclosure statement. Ford Motor Credit Co. v. Milhollin, 444 U.S. 555, 100 S. Ct. 790, 63 L. Ed. 2d 22 (1980). Defendants' argument is obviously, therefore, without merit.

Defendants next argue that since plaintiff chose to reveal the acceleration in the mortgage agreement, it violated the Truth-in-Lending Act by not

also revealing defendants' rights under state law with respect thereto, citing Veney v. First Virginia Bank-Colonial, 535 F. Supp. 181, 190 (1982). Defendants' reliance on that case is, however, misplaced. Veney involved a situation where a lender revealed an absolute acceleration right upon default by the borrower without also mentioning a ten-day grace period provided by Virginia law for debtors as a limitation on that right, during which period the debtor had the right to cure the default and thereby stop acceleration. The instant case involves no such limitation. Rather, defendants argue that plaintiff violated the Truth-in-Lending Act when it revealed its acceleration right without also revealing defendants' rights to claim an exemption in any deficiency and to challenge foreclosure proceedings and attorney's fees. Unlike Veney, however, these rights of a debtor do not in any way limit, alter, or otherwise affect plaintiff's right to accelerate upon default, nor do they provide defendants with any means to stop or prevent acceleration. There existed, therefore, no duty on the part of plaintiff to reveal the same together with the acceleration clause.

Defendants final Truth-in-Lending defense is that plaintiff made disclosures in the mortgage agreement itself which purportedly contravened state law, and as such violated the Truth-in-Lending Act in that the same tended to mislead and confuse the borrower. Said disclosures include having defendants purport to waive errors in foreclosure, to waive their right to claim exemptions in any levy and sale, and to agree to a fixed percentage attorney's fee. (See: Mortgage, para. 6, Exhibit no. 1).

The court notes at this point, however, with respect to said defense as well as the above-noted defenses with respect to the acceleration clause, defendants are raising Truth-in-Lending defenses to

terms of the mortgage agreement itself rather than the disclosure statements previously provided to defendant by plaintiff. It is defendants' position in this regard that such terms constitute "additional information" disclosures pursuant to 15 U.S.C.A. §1632(b), and as such are thereby subject to Truth-in-Lending defenses. Defendants, however, cite no authority for their position. In fact, at least one case they do cite in their brief to the court, viz., Ljepava v. M.L.S.C. Properties, Inc., 511 F.2d 935 (9th Cir., 1975), implies that the same are not disclosures under the Truth-in-Lending Act.

In Ljepava, the court held that a lender could not rely on disclosures made outside the disclosure statements and in the note or other evidence of indebtedness to bring said disclosure statement into conformity with the Truth-in-Lending Act. The court thus implied that terms outside of the disclosure statements required to be supplied to debtors prior to their entering into a covered credit arrangement are not "disclosures" within the meaning of the Truth-in-Lending Act. With that in mind, this court is of the opinion that Truth-in-Lending defenses may not be raised with respect to terms or documents other than the required disclosure statements unless said terms or documents are in conflict with the terms of the disclosure statement and the lender is relying on said terms or documents in place of the disclosure statement as the basis for his action. The court therefore concludes that the mortgage in this case is not a disclosure statement within the meaning of the Truth-in-Lending Act.

As such, even though the above-noted complained of terms may be unenforceable under state law, they are not "additional information" subject to Truth-in-Lending defenses since they do not

conflict with any of the required or otherwise disclosed information of the disclosure statements provided in this matter. In addition, the court further agrees with plaintiff that in this case there has been no foreclosure as of yet, nor has there been a levy and sale of property of the debtors. The issues of whether defendants will be asked to waive errors in foreclosure proceedings or their right to exemptions in levy and sale are not, therefore, now before the court or otherwise ripe for decision.

Defendants' last challenge to plaintiff's action is that the fixed percentage of five percent of the total indebtedness for attorney's fees provided for by the mortgage in this matter violates state law and is otherwise unreasonable. The court agrees with defendants that plaintiff is entitled in this case only to those attorney's fees which are reasonably and actually incurred. 41 P.S. §406. This court agrees with the Court of Common Pleas in Columbia County that a fee is not per se unreasonable under section 406 simply because it is based on a fixed percentage. First Eastern Bank N.A. v. Thomas, 5 D.&C. 3d 71 (1977). As the court there stated:

"[IN] determining whether a fee is in fact unreasonable under section 406, the method of calculating the fee has little relevance. . .'

'Clearly, section 406 does not require that the method for *calculating* the fee be reasonable. Rather, section 406 plainly concerns the reasonableness of the *actual fee* charged, whatever the method of calculation." First Eastern Bank N.A. v. Thomas, id., at 72-73. (emphasis in original)

A fixed percentage may be provided for under section 406, therefore, as an estimate of the actual fees to be incurred, and may also be collected so long as

the percentage accurately reflects the actual fee costs.

In reviewing the testimony given in this matter regarding fees, the court has found that the attorneys for plaintiff have spent 16 and one-fourth hours on the case from March of 1982 to the time of the hearing on October 26, 1982. Of these, the court finds that 12 and one-fourth hours are billable, 4 hours being spent in travel time between DuBois and Clearfield and thus not reasonably recoverable.

Since the testimony also reflected that the standard fee of the firm of Gleason, Cherry and Cherry is $100 per hour, and since defendants put on no testimony to counter the reasonableness of the same, the court therefore finds that the fees charged in this matter, to wit, $1,000.80, are reasonable given the time spent by and usual rate of plaintiff's attorneys in this matter.

Wherefore, the court enters the following

## ORDER

Now, July 18, 1983, after hearing into the above-captioned matter, and following the court's findings of fact and conclusions of law herewith attached, it is the order of this court that judgment be and is hereby entered in favor of plaintiff and against defendants in the sum of $22,223.91, representing the amount owing to plaintiff as of October 22, 1982, together with interest and costs.

It is the further order of this court that judgment be and is hereby entered in favor of Edward V. Cherry and against defendants in the amount of $1,000.80, being the reasonable and recoverable attorney's fees in this matter.